UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60658-CIV-MARRA/Gonzalez

Eldridge Alexander,

    Plaintiff,

vs.

Broward County, a Florida Municipal
Corporation, Craig Buttery, Scott
Popick, Frank Ortiz, Kenneth C.
Jenne, and Alfred Lamberti

    Defendants.

_____

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for New Trial, Motion for Juror Interviews Regarding Extrinsic Influence on Jury Deliberations and Motion for Judgement as a Matter of Law [DE 75] and Defendant's Motion for Taxation of Costs [DE 73].

The Court presided over the trial of this matter in which Plaintiff Alexander advanced claims for relief against Broward County and Officers Buttery, Popick and Ortiz for violation of Alexander's constitutional right not to be arrested or seized without probable cause and his right not to be discriminated against based upon race. See Jury Verdict, DE 70. The jury returned a verdict in favor of the Defendants.

Plaintiff argues that he is entitled to judgment as a matter of law or a new trial and permission to interview jurors. Plaintiff's Motion is based in part on the fact that on the final morning of jury deliberations, a Broward County Sheriff's Deputy was shot shortly after 8 am. Jury deliberations began at 9 am. Plaintiff contends that jurors, while driving to the courthouse, could have been listening to the radio and heard of the shooting. Plaintiff asserts that the shooting could have elicited

undue sympathy for the Defendants in the instant case.

In considering a motion for judgment as a matter of law the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Davis v. Town of Lake Park, 245 F.3d 1323, 1327 (11th Cir. 2001) (citations and internal quotations omitted). "All evidence and inferences are considered in a light most favorable to the nonmoving party." Id. "If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion [is] properly granted." Id. "Conversely, if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied. . . ." Id. "The nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law. . . ." Id. The Court "must determine whether reasonable jurors could have concluded as this jury did based on the presented evidence." Id.

Having presided over the trial of this case, the Court is fully familiar with all of the evidence presented to the jury. Considering all of the evidence, the Court finds that reasonable jurors could have concluded as this jury did. The Court also finds that, given the record in this case, the jury's verdict does not shock the conscience of the Court. The Motions for a New Trial and Judgement as a Matter of Law are denied.

The Court further finds that the mere possibility of a juror listening to a morning news report that very well may not have included any information about a shooting is not grounds to allow interviews with jurors. Furthermore, even if the Court granted such interviews, a juror may not testify concerning his or her mental process in connection with a verdict. At the conclusion of the trial, the Court explained to the jury that each of them was going to be polled and asked if this was their verdict and that they were to give their answer truthfully. The jury was polled and each of the

members stated that a verdict for the Defendants was their verdict. In the case Plaintiff cited, *Brewer v. Jeep Corporation*, the Court held that "[t]o allow a judge to question a jury's process of deliberate decision, even [if] done in good faith, [...] could result in abuses far outweighing the infrequent inability to correct." 546 F.Supp 1147, 1156 (D.C.Ark. 1982). Therefore, the Motion to Interview Jurors is denied.

Defendant brings Motion to Tax Costs pursuant to 28 USC § 1920. [DE 73] The Court may tax costs for transcripts, fees and experts. All costs shall be awarded to Defendants except $430.36 for demonstrative exhibits for trial. This cost was a strategic choice of the Defendants for litigation and not a cost that should be passed on to the Plaintiff. Costs shall be awarded to the Defendants in the amount of $3134.60. The Court therefore hereby **ORDERS AND ADJUDGES** that:

1) Plaintiff's Motion to Interview Jurors is DENIED.

2) Plaintiff's Motions for New Trial and Judgement as a Matter of Law [DE 75] are DENIED

3) Defendant's Motion to Tax Costs [DE 73] is GRANTED. Costs shall be awarded to the Defendants in the amount of $3134.60.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20 day of November, 2008.

_____
United States District Judge Jose A. Gonzalez, Jr.

cc: All Counsel